## HANSELL C. HILL *v.* WHITE, et al.

The 195th section of the Practice Act provides that "the statement of the grounds on which the party moves for a new trial, shall contain so much of the evidence, as shall be necessary to explain the ground taken, and no more."

An order for a new trial was set aside, where the defendant had failed to file a statement, as required by the above section.

THIS was an appeal from the Tenth Judicial District, County of Yuba, Feb. 17th, 1852.

After the trial of the issue in this case, the Court below granted a new trial on the application of defendant's counsel, on the ground that the verdict was against evidence. Plaintiff's counsel excepted to the decision, on the ground that no statement of the evidence was made and filed, as required by the statute upon which the motion was made; from which decision plaintiff appealed.

*Field,* for appellant:

The only ground relied on was, that the verdict was against the evidence in the case.

The statement contains no portion of the evidence, or any reference thereto, to explain the grounds taken. In the argument, the respondent, to sustain his position, referred to the recollection of the judge as to what the evidence was. The plaintiff objected to this course, insisting that there was nothing before the Court to support the motion, upon which it could even be argued.

The statute requires the statement of the grounds upon which a motion for a new trial is made, to contain *so much of the evidence* as may be necessary to explain the grounds, on reference thereto. Practice Act, sects. 195. 194; stat. of 1850, p. 81. The judge had no discretion, for the statute is express, that the right to move for a new trial shall be deemed waived, if a statement is not filed within five days after notice.

And by statute parties have a right to appeal from an order granting a new trial. Practice Act, sect. 347.

The opinion of the Court was delivered by Chief Justice MURRAY.

This is an appeal from an order of the Court below, granting a new trial, on the ground as stated in the record, that "the verdict of the jury is against the evidence!"

This was one of the causes set forth in the defendant's motion for a new trial, but no portion of the testimony was stated or referred to in said motion, for the information of the Court below.

The power of granting new trials, as we have before held, rests in the sound discretion of the Court, subject, however, to review by this tribunal.   We will not disturb, on slight grounds, the action of inferior Courts, but are bound from their more intimate knowledge of the equities of the case, to suppose they have acted properly.

In the present case, however, the defendant has failed to comply with the 195th section of the Practice Act, which provides that " the statement of the grounds on which the party moves for a new trial, shall contain so much of the evidence as shall be necessary to explain the grounds taken, and no more."

Without this statement, it would be impossible for us to determine whether the Court below had exercised a proper discretion, and the party complaining would be effectually denied his appeal.

We have no reason to doubt that the order for a new trial was proper, but the plaintiff was entitled to the statement, for the purpose of review in the Court.

It would be a dangerous practice to trust to the recollections of the judge, when the statute has pointed out a more safe and easy method.

> The order of new trial, for the reasons stated in the record, is set aside, and this case remanded for the further action of the Court below.