## HART v. BURNETT et al.

In an action pending in the Superior Court of the City of San Francisco, plaintiff had verdict and judgment.   Defendant filed a statement to be used on motion for a new trial.   Plaintiff filed and served certain amendments to the statement, but gave no notice within two days of the settlement of statement before the Judge.   The Court made an order, directing the motion for a new trial to be heard on the twenty-ninth day of April, 1857.   On that day, the Court adjourned the hearing of the motion to the thirtieth, which was the last day of the existence of that Court.   On that day, a motion for a new trial was denied.   On the next day, papers and records of said Court were transferred to the Fourth District Court.   On the twenty-seventh day of May, 1857, Fourth District Court made an order for the plaintiff to show cause why the order of the Superior Court denying a new trial should not be set aside, and on the day fixed to show cause why, District Court set aside said order of the Superior Court: Held, that the order of Superior Court granting a stay of proceedings had the effect. of extending the jurisdiction of the Court, and that District Court had the right to make the order.

An order denying a motion for a new trial, when there is no statement settled on file, is erroneous.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The action in which the order appealed from was made, was one brought originally in the late Superior Court of the City of San Francisco, to recover possession of certain real estate situated in that city.   A verdict for the plaintiff was rendered in said action in the Superior Court on the third day of April, 1857, and judgment therefor entered in the same Court on the eleventh day of April, 1857.   The respondents, Biedman, Hawes, and Hosmer, gave notice of their intention to move for a new trial, and within such time thereafter as was allowed by the Court, or by the stipulations of parties, prepared, filed, and served their proposed statement for a new trial, in accordance with the thirtieth rule of practice of the Fourth District Court, the rules of the Fourth District Court having been previously adopted, and being then in force as the rules of practice of the Superior Court.   The plaintiff prepared his amendments to the statement, and within the time allowed by the Superior Court, or by the stipulations of said parties, to wit, on the twenty-fourth day of April, 1857, in accordance with said rule of Court, filed and served his amendments, with the statement, upon the respondents' attorney, Horace Hawes, for which the said Hawes gave his written receipt of that date.   The respondents having given no notice within two days thereafter of settlement of the statement before the Judge, an order of the Superior Court was obtained by the plaintiff on the twenty-eighth day of April, 1857, requiring the respondents to file their statement and amendments on the same day, with the clerk of said Court, and directing the motion for a new trial to be heard on the following day, to wit,

the twenty-ninth day of April, 1857, at nine o'clock, A. M., a copy of which order was, on the same day, between the hours of ten, A. M., and one, P. M., duly served upon the said Horace Hawes, the attorney for the respondents, personally, at his office in the city of San Francisco. On the following day, to wit, the twenty-ninth day of April, 1857, on the application of the respondents' counsel, the hearing of the motion was adjourned to the thirtieth, which was the last day of the existence of the Superior Court, and the respondents were by the Judge of said Court, in open Court notified, on the twenty-ninth day of April, that the motion would be disposed of on the thirtieth.

On the thirtieth day of April, 1857, the motion for a new trial was by the Superior Court considered and overruled, and on the same day the April term of said Court terminated, and on the following day, the first of May, 1857, said Court ceased to exist, and all its papers and records were transferred to the Fourth District Court.

On the twenty-third day of May, 1857, the defendants, Hawes, Biedman, and Hosmer, obtained an order from the Fourth District Court upon the plaintiff, to show cause why the order of the Superior Court denying the defendants' motion for a new trial should not be set aside. Affidavits were filed by the parties respectively, in support of and against the application, and other evidence adduced, and the plaintiff objected, that the Fourth District Court had no power to set aside the order referred to of said Superior Court, but the Fourth District Court, upon consideration of the application, on the eighteenth day of July, 1857, granted the same, and made an order setting aside and vacating the said order of the Superior Court, refusing a new trial. To this order of the Fourth District Court plaintiff excepted, and appealed from said order to this Court.

*James B. Townsend* for Appellant.

*Horace Hawes* for Respondents.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., concurring.

This is an appeal from an order of the Fourth District Court, vacating an order rendered in the late Superior Court, denying a motion for a new trial.

It appears that the order of the Superior Court was entered on the last day of the term, and the day before that on which, by the act of 1857, the Superior Court went out of existence.

Counsel for appellant contends that after the lapse of the term, the Superior Court would have no jurisdiction to disturb the order, and the Fourth District Court, its successor, can have no more power over the order than the Superior Court.

The answer to this is, that the order granting a stay of proceedings had the effect of extending the jurisdiction of the Court, and the application to the Fourth District Court was made within the term during which proceedings were stayed. The Fourth District Court having jurisdiction, there is no doubt of the correctness of its order. At the time when the order denying a new trial was entered in the Superior Court, there was no statement settled, or on file. It was therefore erroneous, under the decision of this Court in Hill v. White, (2 Cal., 307,) and was properly vacated.

Judgment affirmed.